IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| KENNETH M. PARENT, JR., | ) |
|     PLAINTIFF, | ) |
| v. | ) CIVIL ACTION NO: 5:21-cv-00439 |
| LOUISE DEJOY, In his official Capacity as Post Master General of the United States, and the UNITED STATES POSTAL SERVICE, | ) **COMPLAINT AND JURY TRIAL DEMAND** |
|     DEFENDANT. | ) |

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990 ("the ADA"), as amended by the ADA Amendments Act of 2008, Pub. L. 110-325, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Kenneth M. Parent, Jr. who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 4-12 below, Plaintiff alleges that Defendant subjected Plaintiff to an on-going hostile work environment on the basis of his disability. Plaintiff further alleges retaliation in paragraphs 13-35 and violations of the Privacy Act of 1974 in paragraphs 36-41.

Plaintiff filed an action with the United States Equal Employment Opportunity Commission and was given notice of his right to file civil suit by letter dated May 12, 2020.

## JURISDICTION AND VENUE

1. Plaintiff is a resident of Raleigh County, West Virginia.

2. The United States Postal Service is an establishment of the executive branch of the Government of the United States.

3. All acts complained of hereinbelow occurred in the United States Southern District of West Virginia.

## STATEMENT OF CLAIMS

## COUNT 1—HOSTILE WORK ENVIRONMENT

4. Plaintiff is employed by the United States Postal Service ("USPS") as a rural route carrier.

5. Plaintiff is a diabetic and is disabled within the meaning of the Rehabilitation Act of 1973 and the ADA.

6. Defendant was aware that Plaintiff is diabetic.

7. Plaintiff had to take frequent breaks to eat and check his sugar level while on his route and took longer to complete his route than other carriers.

8. His supervisor, Post Master Brenda Holcomb continually harassed Plaintiff over the length of time it took Plaintiff to run his route.

9. On or about January 22, 2016, Plaintiff filed an EEO requesting a transfer to a mail handler's position to reasonably accommodate his diabetes.

10. The transfer request was denied. However, Defendants did make other reasonable accommodations, allowing Plaintiff to take extra time on his route to make frequent stops to manage his diabetes.

11. After accommodations were made, Post Master Holcomb continued to harass Plaintiff about the length of time Plaintiff took to run his route

12. The harassment was well-known at the Post Office and witnessed by other employees.

13. Post Master Holcomb's continued harassment permeated Plaintiff's work environment and was so severe that Plaintiff experienced depression, stress, and anxiety to the point that he sought counseling with both the USPS local EAP counselor and increased his sessions with his Veteran Administration counselor.

## COUNT 2--RETALIATION

14. Plaintiff incorporates paragraphs 1-12 as if fully set forth verbatim hereinbelow.

15. Plaintiff was charged with an "implied consent" violation during a traffic stop on or about June 28, 2015.

16. Plaintiff informed Post Master Holcomb of the violation immediately.

17. On April 7, 2017, Post Master Holcomb confronted Plaintiff about whether he was required to have a "blow-and-go" unit in vehicles that Plaintiff operated.

18. Plaintiff was required.

19. Defendant refused to permit Plaintiff to install a unit in the personal vehicle he used to run his route.

20. Post Master Holcomb refused to allow Plaintiff to work and made him leave.

21. Plaintiff filed a grievance about not being able to work.

22. At a subsequent predisciplinary interview (hereinafter "PDI") meeting, in order to return to work, Post Master Holcomb informed Plaintiff that he was required to provide a Department of Motor Vehicles (hereinafter "DMV") record of his driving record and proof of his driving privileges.

23. Plaintiff complied, producing evidence that he could lawfully operate a vehicle as required by his employment.

24. However, Defendant continued to refuse to permit Plaintiff to install a "blow-and-go" unit in his personal vehicle and refused to allow Plaintiff to return to work.

25. On May 11, 2017, Plaintiff received a notice of AWOL (away without leave) status.

26. Plaintiff filed a grievance on May 24, 2017 on the AWOL status on the basis that Defendant wrongfully refused to permit him to return to work.

27. Subsequently, Plaintiff received a letter or notice, from the USPS, of unsatisfactory attendance.

28. Plaintiff filed a grievance on the "unsatisfactory attendance" issue on the basis that Defendant wrongfully refused to permit him to return to work...

29. On June 2, 2017, a PDI meeting was convened concerning Plaintiff's alleged unsatisfactory attendance.

30. Between August 17, 2015 and June 2, 2017, Plaintiff filed several grievances.

31. Filing grievances is a protected activity.

32. By June 2, 2017, Plaintiff was required to have a "blow-and-go" unit in all vehicles he was driving.

33. Four days after the June 2, 2017 PDI meeting, Bill Stephenson, Post Mater Holcomb's supervisor, informed the DMV that Plaintiff was driving without a unit.

34. As a result, Plaintiff's privilege to operate a vehicle was revoked.

35. Defendant retaliated against Plaintiff for frequently filing grievances by contacting the DMV and reporting the fact that Plaintiff was driving.

### COUNT 3--VIOLATION OF THE PRIVACY ACT OF 1974

36. Plaintiff incorporates paragraphs 1-35 as if fully set forth verbatim hereinbelow.

37. Plaintiff was required to disclose his driving record and status to the USPS.

38. The USPS maintains employee information.

39. Plaintiff has a right to privacy of his records.

40. The USPS wrongfully disclosed Plaintiff's personal information to the DMV.

41. Said disclosure is a violation of the Privacy Act of 1974.

### COUNT 4—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff incorporates paragraphs 1-41 as if fully set forth verbatim hereinbelow.

43. Defendants' continuing harassment of Plaintiff was intentional or reckless.

44. Defendants' continuing harassment of Plaintiff was extreme and outrageous.

45. Said harassment caused Plaintiff stress, anxiety and depression—emotional distress.

46. Plaintiff's emotional distress was severe.

47. Plaintiff sought treatment from his VA counselor to address Plaintiff's workplace stress, anxiety, and depression.

48. Plaintiff sought counseling with the USPS EAP counselor to address his workplace environment.

## COUNT 5—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff incorporates paragraphs 1-48 as if fully set forth verbatim hereinbelow.

50. The forgoing paragraphs demonstrate the USPS's pattern of harassment towards Plaintiff.

51. As a result of the continuing harassment, Plaintiff sought counseling from the USPS EAP counselor and additional counseling from the VA.

52. The stress, anxiety, and depression Plaintiff experienced from the continuing harassment negatively impacted Plaintiff's physical health condition;

53. The mental and physical distress caused Plaintiff emotional distress.

54. Emotional distress was a foreseeable consequence of Defendants' continuing harassment.

**WHEREFORE**, Plaintiff demands judgment against the Petitioners for damages and relief, as follows:

1. Economic loss, past and future;
2. Wage loss, past and future;
3. All compensatory damages;
4. All statutory relief to which Plaintiff is entitled;
5. All legal relief to which Plaintiff is entitled;
6. Emotional distress damages;
7. Punitive damages;
8. Pre and post-judgment interest;
9. Legal fees; and,

10. Any and all other relief this Honorable Court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL**

**KENNETH M. PARENT, Jr.**
**By Counsel**

*/S/ Kenneth E. Chittum*

**Kenneth E. Chittum (WV SB# 6168)**
**Law Office of Kenneth E. Chittum**
**P.O. Box 650**
**Bluefield, WV 24701**
**304-327-2550**