UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

KENNETH M. PARENT, JR.,

    Plaintiff,

v.  CIVIL ACTION NO. 5:21-cv-00439

LOUIS DEJOY, *in his official capacity as Postmaster General of the United States, and the*
UNITED STATES POSTAL SERVICE,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is Defendants Louis DeJoy[1] and the United States Postal Service's ("USPS") Motion to Dismiss Complaint or, in the Alternative, Motion for Summary Judgment, filed April 14, 2022. [Doc. 25]. At the Court's direction, Plaintiff responded on May 20, 2022. [Docs. 27 and 29]. Defendants replied on May 27, 2022. [Doc. 33]. The matter is ready for adjudication.

### I.

Kenneth M. Parent, Jr., a rural route carrier for USPS, has diabetes; he must frequently stop to eat and check his blood sugar levels during his route. As a result, Mr. Parent takes longer to complete his route than other carriers. Postmaster Brenda Holcomb allegedly harassed Mr. Parent about the length of time to complete his route. In 2016, Mr. Parent requested

---

[1] Mr. Parent incorrectly named this party. His first name is Louis. The style is amended to conform.

transfer to a mail handler's position, but the request was denied. Instead, he was allotted additional time on his route to make stops to manage his condition. Yet the harassment continued, causing great emotional distress to Mr. Parent. [Doc. 1 at 1 – 3].

Around June 28, 2015, Mr. Parent was charged with an "implied consent"[2] violation, for which he was required to install a "blow-and-go" unit in his vehicle. He reported the incident to Postmaster Holcomb, who refused to permit Mr. Parent to install the "blow-and-go" unit in his personal vehicle used for work. As a result, Mr. Parent could not work. He filed numerous grievances. Four days after a pre-disciplinary interview concerning his ability to return to work, Bill Stephenson, Postmaster Holcomb's supervisor, informed the Department of Motor Vehicles ("DMV") that Mr. Parent was operating a vehicle during his mail route without the required unit. He believes Mr. Stephenson reported this information in retaliation for filing grievances. Mr. Parent's driver's license was revoked. [Doc. 1 at 3 – 4]. Additionally, he states Mr. Stephenson wrongfully disclosed his personal information to the DMV. [*Id.* at 5].

Mr. Parent filed an action with the Equal Employment Opportunity Commission ("EEOC") on July 14, 2017. [Doc. 25-7]. He purportedly exhausted his administrative remedies prior to filing. [Doc. 26 at 2 – 4]. Mr. Parent claimed employment discrimination on the basis of disability and reprisal. An EEOC Administrative Law Judge issued summary judgment in favor of USPS. Plaintiff appealed and the Office of Federal Operations affirmed. [*Id.* at 8]. He received notice of his right to file suit in the district court on May 12, 2020. [Doc. 1 at 1].

Mr. Parent instituted an action against Defendants on August 10, 2020. *Parent v. DeJoy*, Civil Action No. 5:20-cv-535. He alleged employment discrimination under the Americans

---

[2] "Implied consent" laws "impose penalties on motorists who refuse to undergo testing when there is sufficient reason to believe they are violating the State's drunk-driving laws." *Birchfield v. North Dakota*, 579 U.S. 438, 444 (2016).

with Disabilities Act and Title VII of the Civil Rights Act of 1964 based on the following claims: (1) hostile work environment; (2) retaliation; (3) violation of the Privacy Act of 1974; (4) intentional infliction of emotional distress ("IIED"); and (5) negligent infliction of emotional distress ("NIED"). [*Id.* at Doc. 1]. The Court granted Defendants' Motion to Dismiss, dismissing the action without prejudice due to Plaintiff's failure to perfect service. [*Id.* at 10].

Mr. Parent filed this action on August 5, 2021, alleging the same claims as in the previous action. Defendants filed a Motion to Dismiss, again citing defective service. [Doc. 5]. The Court denied the motion and granted Plaintiff's motion for extension of time to perfect service. [Doc. 15]. Plaintiff perfected service. Defendants filed the pending Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [Doc. 25]. In support, Defendants asserts Claims One through Three must be dismissed as the action was filed after expiration of the statute of limitations, and equitable tolling should not apply. Further, Defendants assert Claims Four through Five must be dismissed for failure to state a claim or lack of subject matter jurisdiction. [*Id.* at 2]. Plaintiff responds his claims are based on continuing violations of federal law, as he is still employed on a Leave Without Pay status; thus, the statute of limitations runs anew for each violation. [Doc. 30 at 2]. Defendants contend the doctrine of continuing tort is not applicable in actions brought under the Rehabilitation Act of 1973, which provides the exclusive basis of jurisdiction for claims of disability discrimination by postal employees. Thus, Defendants contend Mr. Parent's current employment status is not relevant to the present inquiry. [Doc. 33 at 2].

## II.

*Federal Rule of Civil Procedure* 12(b)(6) permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). Rule 8(a)(2) requires the complaint to have "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562–63); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 558. The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. North Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Documents that are explicitly incorporated into the complaint by reference . . . and those attached to the complaint" may be considered when ruling on a motion to dismiss. *Goines v. Valley Community Service Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Additionally, "a court may consider documents … attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018) (quoting *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.4d 700, 705 (4th Cir. 2007)).

"A complainant who has filed an individual complaint [to the Equal Employment Opportunity Commission] . . . is authorized under . . . the Rehabilitation Act . . . to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the Commission's final decision on an appeal." 29 C.F.R. § 1614.407. This timeliness requirement is subject to waiver, estoppel, and equitable tolling, though such equitable relief is narrowly

construed. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 – 96 (1990); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Equitable tolling is appropriate "only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Generally, equitable tolling requires "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653; *Battle v. Ledford*, 912 F.3d 708, 718 (4th Cir. 2019). "[C]onsidered an extraordinary remedy in this [Court]," equitable relief "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Warfaa v. Ali*, 1 F.4th 289, 294 (4th Cir. 2021) (internal citations omitted).

### III.

**A.     Counts One, Two, and Three**

Defendants contend Counts One, Two, and Three are barred by the statute of limitations. Specifically, Defendants assert Mr. Parent's filing period ended on August 12, 2020, ninety days after receiving notice of his right to sue by the EEOC Commissioner. Mr. Parent asserts the statute of limitations has not expired due to Defendants' continuing violations of federal law. Specifically, Mr. Parent asserts he is presently on Leave Without Pay status, and the situation resulting in this status still exists.

Plaintiff's argument is not well taken. He is correct in that when an individual "engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 628, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007), *superseded in part by statute*, Lilly Ledbetter Fair Pay Act of 2009, Pub.L. No. 111–2, 123 Stat. 5. But continuing violations do not restart the statute of limitations for prior violations as Plaintiff seems to suggest. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) ("But continual unlawful acts are distinguishable from the continuing ill effects of an original violation because the latter do not constitute a continuing violation."). When violations constitute employment discrimination in the federal sector, they must be administratively exhausted prior to presentation in district court. 42 U.S.C. § 2000e-16; *Brown v. General Services Admin.*, 425 U.S. 820 (1976). The same is true for claims of disability discrimination by postal employees. 29 U.S.C. § 794a(a)(1); 29 C.F.R. § 1614.103(a). In other words, each new violation carries its own statute of limitations for which the aggrieved party must exhaust administrative remedies. Assuming, *arguendo*, Defendants have violated Mr. Parent's rights and those violations are ongoing, any new claims that accrued since the filing of his EEOC action are not before this Court, nor can their existence serve to extend the filing period for the claims previously exhausted. Therefore, Defendants are correct; the statute of limitations expired August 12, 2020. There is no question this suit was filed almost one year after the statute of limitations period expired. The relevant inquiry is whether equitable tolling is warranted.

The first element is whether Mr. Parent has been diligently pursuing his rights. Defendants discussed Mr. Parent's administrative remedies and attached the records to their motion. [Doc. 26 at 2 – 4; Docs. 25-1 – 25-13]. Mr. Parent also filed a previous action in this Court on his claims within the filing period; however, that case was dismissed for defective service on

April 8, 2021. *See Parent v. DeJoy*, Civil Action No. 5:20-cv-535, Doc. 12. He initiated the present action on August 5, 2021, almost four months after the previous case was dismissed. It seems Mr. Parent has diligently pursued relief on his claims up to and including the filing of the instant action.

As to the second element, whether extraordinary circumstances prevented timely filing, the answer is not as straightforward. He filed the first action timely, and he had a chance for obtaining relief but for his attorney's lack of diligence in perfecting service. But in the present action, his attorney again failed to perfect service due to an interoffice communication, forcing Defendants to again move for dismissal and requiring the Court's intervention to allow time for proper service. [Doc. 15]. Even the instant motion required the Court ordering Plaintiff to respond when he did not do so within the response period. [Doc. 27].

Such lack of attention by counsel in both cases causes great concern for the Court. "[L]awyers have an obligation to their clients, to the profession, and to the court to pay attention. For practitioners in the legal profession, unlike those in some others, he who fails to pay attention may one day have to pay up." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 414 (4th Cir. 2010) (Davis, J., concurring). A litigant is entitled to rely on his attorney and trust he is diligently acting in the litigant's best interest. *See American Bar Association's Model Rules of Professional Conduct*, Rule 1.2, Comment 2 ("Clients normally defer to the special knowledge and skill of their lawyer with respect to the means to be used to accomplish their objectives, particularly with respect to technical, legal and tactical matters."). In so doing, the litigant risks the downfall of his case through his attorney's errors. The United States Supreme Court and our Court of Appeals have held attorney error generally does not warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 656 (2010) ("Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner

must bear the risk of attorney error. . . ." (quotation marks and citation omitted)); *id.* at 651-52 (reaffirming the holding that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads an attorney to miss a filing deadline does not warrant equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (mistake by attorney in interpreting a statute of limitations is not an extraordinary circumstance beyond the party's control warranting equitable tolling); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). *See also Gallo v. United States*, 499 F.Supp.2d 697 (E.D. Va. 2007) (concluding a timely filed case by a pro se litigant dismissed for failure to prosecute did not equitably toll statute of limitations to warrant filing of a second action). *See generally Model Rules of Professional Conduct*, Rule 1.3, Comment 3 ("A client's interests often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed.").

Here, while Plaintiff's attorney timely filed the first case, he did not act diligently in pursuing it after filing, resulting in its dismissal. Thus, equitable tolling of the statute of limitations for this case is not warranted.

**B.  Counts Four and Five**

Defendants contend Counts Four and Five must be dismissed for failure to state a claim or lack of subject matter jurisdiction. Plaintiff does not address this portion of Defendants' motion, instead focusing on the continuing violation doctrine for the prior claims.

Insofar as Mr. Parent asserts claims of IIED and NIED, he asserts the claims against

Mr. DeJoy in his official capacity and USPS generally.[3] Filing suit against an agency of the United States is to sue the United States itself. It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (absent a specific waiver, the United States government is protected from suit by the doctrine of sovereign immunity). The exclusive remedy for torts committed by Government employees in the scope of their employment is a suit against the Government itself under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680. Mr. Parent does not assert these claims under the FTCA. Even if he did, it is not clear from the record that he exhausted these claims in the administrative process prior to judicial review as the FTCA requires. *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993); *see also* 28 U.S.C. § 2675(a).

The Court concludes it does not have jurisdiction over Counts Four and Five, thus requiring their dismissal.

**IV.**

Based upon the foregoing discussion, the Court **GRANTS** the Motion to Dismiss with prejudice. **[Doc. 25].** The action is hereby **STRICKEN** and **REMOVED** from the docket.

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:     August 16, 2022

Frank W. Volk
United States District Judge

---

[3] The Complaint names particular individuals who allegedly participated in the actions causing Mr. Parent's emotional distress, but they are not named as parties.